■ CHARLESETTA DAVIS, Appellant, v SOUTHRIDGE COOPERATIVE SECTION IV, INC., Respondent.

This is an action brought to enjoin the defendant from evicting plaintiff from certain premises. The gravamen of the complaint is that defendant attempted to evict plaintiff without serving process on her or naming her as a tenant of the premises. Plaintiff sought a preliminary injunction and defendant made a cross motion to dismiss the complaint arguing that plaintiff's sister was the occupant rather than the plaintiff herself.

Justice Leviss, sitting at Special Term, directed that a hearing be held concerning "[t]he preliminary issue as to whether plaintiff is a co-owner and joint tenant of the cooperative apartment" and added that "[s]uch determination should decide all subsequent issues herein". That hearing was conducted before Justice Buschmann who determined that plaintiff had never had any interest in the apartment and had never been a tenant. Accordingly, he denied the application for a preliminary injunction and referred the cross motion back to Justice Leviss, who dismissed the complaint.

"Although the preliminary injunction hearing will not result in a determination of the merits in a substantive sense, the motion for a preliminary injunction opens the record and gives the court authority to pass upon the sufficiency of the underlying pleading" (7A Weinstein-Korn-Miller, NY Civ Prac, ¶ 6301.12, p 63-33). The cross motion to dismiss the complaint was predicated upon a lack of capacity to sue (*see,* CPLR 3211 [a] [3]), not evidentiary sufficiency, as would be the case on a motion for summary judgment (*cf. Guggenheimer v Ginzburg,* 43 NY2d 268, 272). In such a circumstance, the opening of the record gave Special Term the power to hold that plaintiff has "no right to sue on behalf of others" (*Challenger v Household Fin. Corp.,* 179 Misc 966, 967, *affd* 266 App Div 844, cited with approval in *Guggenheimer v Ginzburg, supra,* p 272). Inasmuch as there was a common factual issue, the procedure of holding a single hearing to determine both the motion and cross motion was certainly

proper (*see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, C3211:47; C3211:48, at 50-52), and, although Special Term made the common error of equating an incapacity to sue with a failure to state a cause of action (4 Weinstein-Korn-Miller, NY Civ Prac, ¶ 3211.17), the complaint was properly dismissed.

Moreover, the assertion that plaintiff has somehow been denied a jury trial is frivolous. The verified complaint seeks injunctive relief and it is basic that there is no right to a trial by jury, constitutional or statutory, of equitable actions (*see, e.g., Phoenix Mut. Life Ins. Co. v Conway,* 11 NY2d 367, 370; *Di Menna v Cooper & Evans Co.,* 220 NY 391; *Epstein v Paganne, Ltd.,* 39 AD2d 855). In addition, even if this was an action at law triable by jury — and it plainly is not — plaintiff had to demand a jury trial of the issue raised by the motion or the right was waived (CPLR 2218; *see,* 4 Weinstein-Korn-Miller, NY Civ Prac, ¶ 3211.45). Indeed, at the very outset of the hearing, plaintiff's counsel told Justice Buschmann, in response to the court's question as to whether plaintiff was a tenant, that "that's the issue here", and plainly charted the procedural course now claimed to be objectionable. Decisional law, of course, frowns on such shifts in course (*see, e.g., Cullen v Naples,* 31 NY2d 818).

We further note that plaintiff and her sister have litigated this matter to death. There have been at least five proceedings over the past several years after the Appellate Term unanimously determined that the defendant was entitled to a judgment of possession. After a properly conducted hearing, it has been determined that plaintiff lacks capacity to sue, and the complaint was properly dismissed pursuant to CPLR 3211 (a) (3). Clearly, plaintiff's claims are not now entitled to appellate resurrection. Titone, J. P., Bracken, Rubin and Lawrence, JJ., concur.