■ PHOENIX ENTERPRISES LIMITED PARTNERSHIP et al., Appel-
lants, v INSURANCE COMPANY OF NORTH AMERICA, Appellant-
Respondent and Interpleading Plaintiff-Appellant-Respondent.
STATE OF NEW YORK, DIVISION OF THE LOTTERY, Interpleading
Defendant-Respondent; MORGAN GUARANTY TRUST COMPANY
OF NEW YORK, Interpleading Defendant-Appellant-Respondent.
—Order, Supreme Court, New York County (Burton S. Sher-
man, J.), entered July 24, 1985, which, *inter alia,* granted the
State Division of the Lottery's motion for summary judgment
on its counterclaims, denied plaintiffs' cross motion to stay
further proceedings pending final determination of a matter in
the Court of Claims, denied Insurance Company of North
America's (INA) cross motion to deposit $200,000 into court as
a stakeholder and be discharged from further liability and
granted summary judgment, finding that INA had properly
negotiated certain letters of credit issued by Morgan Guaranty
at the request of plaintiffs Phoenix and Vend, unanimously
modified, on the law, only to the extent of vacating so much of
the order as granted summary judgment to INA against
Morgan Guaranty on the Vend letter of credit and remanding
the matter to the Supreme Court for further proceedings, and
otherwise affirmed, without costs or disbursements.*

On review of the record, we agree that Special Term erred
in granting summary judgment to INA as against Morgan
Guaranty, holding that INA had properly negotiated the
letters of credit. This issue was not specifically raised on any
of the several motions before the court.

It appears from the record that there were three motions
submitted to Special Term, one by the Division of the Lottery
for summary judgment on its counterclaims against plaintiffs
and INA, a cross motion by INA to deposit into court $200,000

---

* Appellant Morgan Guaranty has limited its appeal only to the extent
that Special Term granted summary judgment to INA with respect to the
Vend letter of credit, it appearing that the parties have resolved any dispute
relating to Morgan Guaranty's claim to the proceeds of the Phoenix letter of
credit.

and be discharged from further liability, and a cross motion by plaintiffs to stay further proceedings pending determination of the matter in the Court of Claims. Special Term, in painstaking fashion, reviewed the several claims and disposed of each motion. However, in addition, the court *sua sponte* granted INA summary judgment, concluding that the insurer properly negotiated the letters of credit, albeit no cross motion for that relief was made. Inasmuch as no summary judgment motion was served under CPLR 3212, and INA did not seek such relief in its papers, as required under CPLR 2214 and 2215, it was error for Special Term to do so here *(see, Double A Limousine Serv. v New York, N. Y. Limousine Serv.,* 130 AD2d 403; *Jillsunan Corp. v Wallfrin Indus.,* 79 AD2d 943; *Andriano v Caronia,* 117 AD2d 640, 642-643).

Accordingly, we modify to vacate so much of the order as granted summary judgment to INA against Morgan Guaranty on the Vend letter of credit, without prejudice to either party moving, on proper papers, for such relief as may be appropriate. In doing so, we have not considered the underlying merits which, although addressed by the parties in their points on appeal, were not submitted for disposition at Special Term. Concur—Sandler, J. P., Carro, Kassal, Rosenberger and Smith, JJ.