■ LORETTA BERO et al., Appellants, v ETHEL BERO, Respondent.—In an action pursuant to RPAPL article 15 to determine claims to real property, for an accounting and for imposition of a constructive trust, the plaintiffs appeal from (1) so much of an order of the Supreme Court, Queens County (Joy, J.), dated September 23, 1986, as determined that the defendant Ethel Bero was the sole owner of the subject property, and denied that branch of the plaintiffs' motion which was for a preliminary injunction against the sale or encumbrance of that property, and (2) an order of the same court dated March 24, 1987, which granted the defendant's motion for reargument, and, upon reargument, (a) deleted a provision of the order dated September 23, 1986, which directed an accounting by the defendant of moneys received from the plaintiff Loretta Bero since 1958 without prejudice to the latter's right to assert such a demand as a counterclaim in a proceeding pending in the Civil Court of the City of New York, Queens County, bearing "L & T No. 29165/86", and (b) vacated the stay of that proceeding.

Ordered that the order dated September 23, 1986, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated March 24, 1987, is modified, by deleting the provision thereof which deleted the provision of the order dated September 23, 1986, which directed an accounting, and substituting therefor a provision adhering to the original determination with respect thereto; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings with respect to the second cause of action for an accounting; and it is further,

Ordered that the defendant's time to serve an answer is extended until 30 days after service upon her of a copy of this decision and order, with notice of entry.

The plaintiffs in this action are the daughter-in-law and granddaughters of the defendant. Commencing in 1958, the plaintiff Loretta Bero and her now-deceased husband, Charles Bero, Jr., the defendant's son, resided in the subject real

property in Queens. The defendant also resided in a separate apartment of this house. This arrangement continued following the death of Charles Bero, Jr., in 1980. In 1986, in response to a holdover proceeding brought against the plaintiff Loretta Bero by the defendant, the plaintiffs commenced the instant action and simultaneously moved by order to show cause to stay the holdover proceeding and to enjoin the defendant from selling, mortgaging, or otherwise encumbering or disposing of the house, pending the determination of their interest in that property.

The plaintiffs contend that the Supreme Court's denial of that branch of their motion which was for a preliminary injunction was an abuse of discretion. It is well settled that a person seeking a preliminary injunction must prove (1) the likelihood of ultimate success on the merits, (2) irreparable injury, and (3) a balancing of equities (see, CPLR 6301; *Merrill Lynch Realty Assocs. v Burr,* 140 AD2d 589; *Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.,* 70 AD2d 1021). A review of the papers submitted by the parties, including a copy of the 1975 deed which conveyed the property to the defendant and Charles Bero, Jr., as joint tenants, reveals that the Supreme Court properly denied the preliminary injunction. Based upon the clear language in the deed, the plaintiffs failed to establish a likelihood of success in the underlying action on the merits of their claim that they are owners of the subject property.

The plaintiffs contend that the Supreme Court's determination of the ownership of the subject property was tantamount to granting summary judgment, *sua sponte,* in favor of the defendant. The plaintiffs further contend that that action was improper because neither party moved for summary judgment and the plaintiffs had not been given notice of the court's intention to make a final determination.

We find that the court's action with respect to the first and third causes of action in the verified complaint was proper. The verified complaint in this case makes no mention of the 1975 deed transferring the property to the defendant and Charles Bero, Jr., as joint tenants. Rather, the plaintiffs relied upon a 1957 deed which allegedly named Charles Bero, Jr., as a tenant-in-common. It was the defendant who appended the 1975 deed to her affirmation in opposition to the plaintiffs' motion seeking, *inter alia,* a preliminary injunction.

"[A] motion for a [preliminary] injunction opens the record and gives the court authority to pass upon the sufficiency of the underlying pleading" *(Guggenheimer v Ginzburg,* 43 NY2d

268, 272; *accord, Davis .v Southridge Coop. Section IV,* 110 AD2d 880, 881). Although the parties must be given notice of a court's intent to rule on whether summary judgment is proper and must be given an opportunity to be heard *(see, Pearsal Props. Corp. v Arzina Realty Corp.,* 139 ·AD2d 638; *Phoenix Enters. Ltd. Partnership v Insurance Co.,* 130 AD2d 406), this rule is not at issue here. The Supreme Court in this case did not grant the defendant summary judgment; rather, it properly considered evidentiary material, i.e., the 1975 deed, to determine "whether the proponent of the pleading has a cause of action" *(Guggenheimer v Ginzburg, supra,* at 275). On a motion for a preliminary injunction, dismissal of the complaint or a cause of action is appropriate when "it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and that no significant dispute exists regarding it" *(Guggenheimer v Ginzburg, supra,* at 275). The plaintiffs have never challenged the authenticity or validity of the 1975 deed. Thus, the court properly ruled on the validity of the first cause of action seeking a determination of claims to real property by adjudging the defendant to be the owner of the property at issue.

Similarly, the court properly ruled on the .sufficiency of the third cause of action seeking imposition of a constructive trust. The four prerequisites to imposition of a constructive trust have been stated by the Court of Appeals as follows: "(1) a confidential or fiduciary relation, (2) a promise, (3) a transfer in reliance thereon and (4) unjust enrichment" *(Sharp v Kosmalski,* 40 NY2d 119, 121). The complaint in this case is deficient on its face in that it does not allege a confidential or fiduciary relationship, a promise or a transfer in reliance on a promise.

The Supreme Court also properly recognized that the second cause of action sounding in unjust enrichment and seeking an accounting is legally sufficient. However, in its order dated March 24, 1987, the court improperly deleted the provision of the order dated September 23, 1986, which directed the accounting demanded in the second cause of action "without prejudice to the right of the plaintiff to assert such demand as a counterclaim" in the then pending Civil Court proceeding. The Civil Court proceeding was subsequently settled and discontinued without a determination of this claim. Accordingly, we remit this case to the Supreme Court, Queens County, for further proceedings with respect to the second cause of action for an accounting.

Further, ·the defendant is granted 30 days from the service

upon her of a copy of this decision and order, with notice of entry, to interpose an answer. Bracken, J. P., Lawrence, Spatt and Harwood, JJ., concur.