■ EDP HOSPITAL COMPUTER SYSTEMS, INC., Appellant, v BRONX-LEBANON HOSPITAL CENTER et al., Respondents. [622

NYS2d 556] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Lonschein, J.), dated September 21, 1992, which denied its motion for temporary injunctive relief and dismissed the second, third, fourth, fifth, sixth, and eighth causes of action of the verified complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof which dismissed the second, third, fourth, fifth, sixth, and eighth causes of action; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff alleged in its verified complaint that it had lost the sum of $83,480 as a result of a purported oral promise by the defendant Bronx-Lebanon Hospital Center (hereinafter the hospital) in December of 1987 that the plaintiff would remain the hospital's computer service for "years to come", or at least until November of 1993. After the hospital allegedly notified the plaintiff, by letter dated June 26, 1992, that it was terminating the agreement, the plaintiff moved for temporary injunctive relief, *inter alia,* prohibiting the hospital from terminating the agreement.

Among other reasons, since the plaintiff has an adequate remedy at law to recover damages, the Supreme Court properly denied the plaintiff's motion for temporary injunctive relief *(see, Equestrian Assocs. v Freidus,* 192 AD2d 572, 573-574).

However, contrary to the hospital's contention, the Supreme Court failed to give the plaintiff adequate notice that it was, in effect, converting the plaintiff's motion for temporary injunctive relief to a motion for summary judgment. Therefore, since the plaintiff sufficiently pleaded, *inter alia,* equitable estoppel of the Statute of Frauds defense, it was improper, upon the pleadings, to dismiss the relevant causes of action *(see, Guggenheimer v Ginzburg,* 43 NY2d 268, 272; *Van Noy v Corinth Cent. School Dist.,* 111 AD2d 592, 593; *cf., Bero v Bero,* 143 AD2d 866, 868). In addition, under the circumstances of this case, the plaintiffs should have been afforded the opportunity to complete discovery *(see, Anthony J. Demarco, Jr., P. C. v Bay Ridge Car World,* 169 AD2d 808, 809).

The plaintiff's remaining contentions are either without merit or academic in light of our disposition of the appeal. Rosenblatt, J. P., Miller, Santucci and Florio, JJ., concur.