■ RONNIE GREENFIELD et al., Respondents, v PHILLES RECORD, INC., et al., Appellants, et al., Defendants. [674 NYS2d 1] —Order, Supreme Court, New York County (Paula Omansky, J.), entered April 1, 1997, which, in an action to recover royalties, denied defendants' motion to strike plaintiff's demand for a jury trial, unanimously reversed, on the law, without costs, and the motion granted. Order, same court and Justice, entered July 7, 1997, which denied defendants' motion *in limine* to exclude, *inter alia*, evidence of custom and practices in the recording industry, unanimously affirmed, without costs.

The equitable relief plaintiffs seek on their cause of action for imposition of a constructive trust on money defendants have allegedly retained improperly is incidental to the monetary relief plaintiffs seek on their causes of action for breach of contract and conversion, and its interposition therefore did not result in a waiver of the right to a jury trial. However, the same cannot be said of the cause of action for rescission that plaintiffs included in their amended complaint seeking, *inter alia*, ownership of the master recordings. With the addition of this cause of action, it can no longer be said that money damages would afford a complete remedy, and its interposition therefore did result in a waiver of the right to a jury trial (*cf., Cadwalader Wickersham & Taft v Spinale*, 177 AD2d 315). Concerning defendants' motion for an order *in limine* excluding evidence of custom and practice, it should be denied not because of the December 1992 stipulation, but because such evidence is relevant to plaintiffs' equitable causes of action seeking to recover income generated by modes of exploitation of the master recordings not contemplated in the contract (*cf., Thomas v Gusto Records*, 939 F2d 395, 398, *cert denied* 502 US 984). Concur—Sullivan, J. P., Milonas, Rosenberger, Ellerin and Wallach, JJ.