■ Ronnie Greenfield et al., Also Known as The Ronettes, Respondents, v Philles Records, Inc., et al., Appellants, et al., Defendants. [670 NYS2d 73] —Order, Supreme Court, New York

County (Paula Omansky, J.), entered December 5, 1997, which, to the extent appealed from as limited by plaintiff's brief, denied defendants-appellants' motion for partial summary judgment dismissing the claims of plaintiff Greenfield, unanimously affirmed, without costs.

The parties agree that the 1974 release here at issue is controlled by California law, which does not permit a court to deem a contract unambiguous except upon a preliminary review of the agreement in conjunction with other relevant evidence and circumstances (*see*, *Appleton v Waessil*, 27 Cal App 4th 551, 558, 32 Cal Rptr 2d 676, 680, *review denied* 1994 Cal LEXIS 6304 [Sup Ct, Nov. 23, 1994]). Indeed, pursuant to California law, "[t]he test of whether parol evidence is admissible to construe an ambiguity is not whether the language appears to the court unambiguous, but whether the evidence presented is relevant to prove a meaning to which the language is 'reasonably susceptible'" (*Winet v Price*, 4 Cal App 4th 1159, 1165, 6 Cal Rptr 2d 554, 557). We agree with the motion court that the subject release by plaintiff Greenfield considered in the context of its making is ambiguous in scope and that there are factual issues as to whether it was intended to be of such breadth as to encompass and therefore warrant dismissal of Greenfield's present claims. Accordingly, defendants' motion for partial summary judgment premised upon the subject release was properly denied (*see*, *e.g.*, *Hohe v San Diego Unified School Dist.*, 224 Cal App 3d 1559, 1568, 274 Cal Rptr 647, 651-652). We have considered defendants' remaining arguments and find that they do not warrant a different result. Concur—Ellerin, J. P., Nardelli, Williams and Mazzarelli, JJ.