OPINION OF THE COURT
James H. Shaw, Jr., J.
Defendants Ruth Lichtenstein and Samuel Lichtenstein move for an order, pursuant to CPLR 4101, striking plaintiffs’ demand for a jury trial. By separate application, defendants move for an order, pursuant to CPLR 3403, granting defendants a trial preference.
Plaintiffs Bernard N. Lillianfeld and Florence Lillianfeld commenced this action seeking a permanent injunction enjoining defendants from building on a portion of defendants’ rear yard, over which plaintiffs claim to have an easement by prescription. Plaintiffs further seek a declaration of easement over *572 that portion of defendants’ rear yard, located behind defendants’ home at 1589 East 28th Street, Brooklyn, New York. Plaintiffs state in their complaint that they have no adequate remedy at law. Defendants contend that since the complaint seeks only equitable relief, plaintiffs have no right to a trial by jury (see, Davis v Southridge Coop. Section IV, 110 AD2d 880, 882).
CPLR 4101 provides, in relevant part:
“In the following actions, the issues of fact shall be tried by a jury unless a jury trial is waived or a reference is directed under section 4317, except that equitable defenses and equitable counterclaims shall be tried by the court * * *
“for determination of a claim to real property under article fifteen of the real property actions and proceedings law”.
Insofar as their complaint seeks a determination of a claim to real property under RPAPL article 15, plaintiffs are entitled to a jury trial (see, Cilwick v Camelo, 55 AD2d 782, 783; Noto v Headley, 21 AD2d 686, 687). The failure tó specifically allege that the action is being brought pursuant to this article is not fatal (see, Howard v Murray, 38 NY2d 695, 699-700; Miles v De Sapio, 96 AD2d 970, 971).
In addition to its request for declaratory relief, plaintiffs’ complaint seeks equitable relief in the form of temporary and permanent injunctions enjoining and restraining defendants from interfering with the alleged right-of-way. Defendants contend that such inclusion of equitable relief serves as a waiver of plaintiffs’ right to a jury trial. However, the right to a jury trial is to be determined by the facts alleged in the complaint and not by the prayer for relief (see, Hebranko v Bioline Labs., 149 AD2d 567, 568). The essence of plaintiffs’ complaint is the request for a declaration of easement. If the jury determines that plaintiffs have a right-of-way over defendants’ property, defendants would be precluded from interfering with the easement regardless of whether the injunctive relief is granted. Therefore, while the complaint seeks temporary and permanent injunctions, such equitable relief is merely incidental to the relief sought pursuant to RPAPL article 15, and thus does not serve as a waiver of the right to a jury trial (see, Poley v Rochester Community Sav. Bank, 184 AD2d 1027; Hebranko v Bioline Labs., supra, at 568). As a result, defendants’ motion to strike plaintiffs’ demand for a jury trial is denied.
*573 Defendant Samuel Lichtenstein has submitted proof, in the form of his birth certificate, that he is 70 years of age. Accordingly, defendants’ motion for a trial preference is granted (CPLR 3403 [a] [4]).