■ STEPHEN J. CALDWELL, SR., et al., Respondents-Appellants, v ABKCO MUSIC & RECORDS, INC., Appellant-Respondent. [703 NYS2d 97] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered January 13, 1999, which, in an action by recording artists to recover royalties under a recording contract and additional sums based on defendant's issuance of "synchronization" licenses, upon the parties' respective motions for summary judgment, dismissed the causes of action for breach of contract, accounting and unjust enrichment seeking to recover royalties, dismissed the cause of action for an accounting of the synchronization licenses, sustained the causes of action for breach of contract and unjust enrichment based on the synchronization licenses, and ruled that plaintiffs could introduce evidence of industry custom and usage at trial, unanimously affirmed, without costs.

Since the subject contract, entered into in 1963, is silent as to defendant's right to issue synchronization licenses, i.e., licenses to use master recordings in timed relation with the visual portion of motion pictures, television programs and commercials, the provision giving defendant "the exclusive right to make records and other reproductions of the performances

embodied in such recordings by any method now or hereafter known, and to sell, lease, license and deal in the same" cannot, as a matter of law, be construed as entitling defendant to engage in synchronization licensing without plaintiffs' participation (*see, Thomas v Gusto Records*, 939 F2d 395, 398, *cert denied* 502 US 984). Rights not specifically granted by an artist in an agreement are reserved to the artist and the owner of such property, absent the clearest language, is not free to do with it whatever the owner wishes (*see, supra; Warner Bros. Pictures v Columbia Broadcasting Sys.*, 216 F2d 945, 949, *cert denied* 348 US 971). In short, with respect to synchronization licensing, the subject contract is ambiguous. Accordingly, evidence of custom and practice pertaining to synchronization licenses is admissible (*see, Thomas v Gusto Records, supra; Greenfield v Philles Record*, 243 AD2d 353). Plaintiffs' causes of action seeking to recover royalties were properly dismissed upon a record establishing that no royalties are due, and plaintiffs will not be heard to argue that defendant might breach the contract in the future. The causes of action for accountings were also properly dismissed on the ground that plaintiffs' relationship to defendant is not fiduciary in nature (*see, Poley v Sony Music Entertainment*, 222 AD2d 308, *affg* 163 Misc 2d 127, 131). We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Sullivan, J. P., Mazzarelli, Ellerin, Lerner and Friedman, JJ.