(August 9, 2001)

■ Paul A. Goshen, Appellant, v Mutual Life Insurance Company of New York et al., Respondents. Sara M. DeFilippo et al., Respondents, v Mutual Life Insurance Company of New York, Appellant, et al., Defendant. [730 NYS2d 46] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about August 21, 2000, which, *inter alia*, severed and dismissed the claim of Paul Goshen and substituted Sara M. DeFilippo and Stephen M. DePhilippo as named plaintiffs and class representatives, unanimously affirmed, without costs. Order, same court and Justice, entered October 20, 2000, which denied defendants' motion to strike plaintiffs' demand for a jury trial, unanimously reversed, on the law, without costs, and the motion granted.

This class action was brought by a number of purchasers of defendants' "vanishing premium" life insurance policies, alleging that defendants violated General Business Law § 349 (h) by marketing these policies based upon knowingly unrealistic dividend projections. This case was the companion appeal to *Gaidon v Guardian Life Ins. Co.* (94 NY2d 330), and a detailed recitation of the facts is set forth in that decision. In *Gaidon*, the Court of Appeals determined that a question of fact was presented as to whether reasonable consumers would be misled in a material way by the *Goshen* defendants' actions, as contemplated by General Business Law § 349 (*Gaidon, supra,* at 345), and it remanded *Goshen* "for further proceedings consistent with [the] opinion" (*id.* at 350). However, the Court specifically stated that "[t]he propriety of the class certification [in *Goshen*] is not before us on this appeal" (*id.* at 341, n 8).

At issue in the first of these consolidated appeals is the narrow question of whether the claim brought by Paul Goshen, a Florida resident who bought his policy in Florida (from a Florida based insurance agent) was properly severed and dismissed after the case was remanded, on the ground that non-New York consumers who entered into transactions outside the State cannot bring actions pursuant to General Business Law § 349 (h). As to this issue, we affirm the motion court's determination that Mr. Goshen has failed to state a cause of action under General Business Law § 349, the New York Consumer Protection Act.

General Business Law § 349 (a) prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service *in this state*," and under section 349 (h) a private right of action may be brought by "*any person* who has been injured by reason of any violation of this

section" (emphases supplied). Applying this language, we recognize the settled rule of statutory interpretation, that unless expressly stated otherwise, "no legislation is presumed to be intended to operate outside the territorial jurisdiction of the state * * * enacting it" (73 Am Jur 2d, Statutes § 359 at 492; *see also*, McKinney's Cons Laws of NY, Book 1, Statutes § 149 at 305 ["every statute in general terms is construed as having no extraterritorial effect"]; *see generally*, *Morgan v Bisorni*, 100 AD2d 956, 956-957).

In conformity with these general principles, courts have held that to maintain a private right of action under General Business Law § 349 (h), a plaintiff must allege deceptive acts or practices which took place in New York State (*Weaver v Chrysler Corp.*, 172 FRD 96, 100 [SD NY 1997]; *see, e.g.*, *Weinberg v Hertz Corp.*, 116 AD2d 1, *affd* 69 NY2d 979 [certifying class of individuals who returned rented cars in New York State]).

Thus, here, as in *Cole v Equitable Life Assur. Socy.* (271 AD2d 271), the protections of General Business Law § 349 (h) are unavailable to Mr. Goshen, a Florida resident who purchased a "vanishing premium" insurance policy from a Florida insurance agent in Tampa, Florida (*see, id.* at 272; *cf.*, *Meachum v Outdoor World Corp.*, 235 AD2d 462, 463 [General Business Law § 349 (h) claim viable where "defendants engaged in deceptive conduct in New York by mailing misleading literature to New York residents in an attempt to induce them to travel to the defendants' facilities in Pennsylvania"]; *Morelli v Weider Nutrition Group*, 275 AD2d 607, 608 [General Business Law § 349 "afford(s) consumers within (the State's) borders a statutory remedy for injuries caused by knowingly deceptive and misleading business practices"]).

However, we reverse the second order appealed, which denied defendants' motion to strike plaintiffs' demand for a jury trial. The complaint in this action joined both legal and equitable claims, including, *inter alia*, rescission, restitution, reformation of the class members' insurance policies, and a class-wide mandatory injunction requiring defendants to keep plaintiffs' insurance policies in force without the payment of further premiums. Because the relief sought is primarily equitable, not incidental to legal claims for money damages, plaintiffs have waived the right to a jury trial (*see, Greenfield v Philles Record*, 243 AD2d 353; *Daley v Related Cos.*, 213 AD2d 205). Further, notwithstanding the fact that the Court of Appeals dismissed all of plaintiffs' claims except their allegation that defendants violated General Business Law § 349, plaintiffs have nonetheless irrevocably waived their right to a jury trial

(see, *Zimmer-Masiello, Inc. v Zimmer, Inc.*, 164 AD2d 845, 846-847 ["Once the right to a jury trial has been intentionally lost by joining legal and equitable claims, any subsequent dismissal, settlement or withdrawal of the equitable claim(s) will not revive the right to trial by jury"]). Concur—Sullivan, P. J., Rosenberger, Mazzarelli, Buckley and Friedman, JJ.