■ RONNIE GREENFIELD et al., Respondents, v PHILLES RECORDS, INC., et al., Appellants, et al., Defendants. [732 NYS2d 856] —Judgment, Supreme Court, New York County (Paula Omansky, J.), entered December 17, 2000, after a nonjury trial, in plaintiffs' favor and against defendants in the amount of $2,971,272.96, plus interest from November 14, 2000 until paid, and bringing up for review an order, same court and Justice, entered June 22, 2000, finding for plaintiffs on theories of breach of contract and unjust enrichment in the amount awarded in the aforesaid judgment, unanimously affirmed, with costs. Appeal from the order entered June 22, 2000, unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

The trial court properly held that the 1974 release between plaintiff Ronnie Greenfield and defendant Phil Spector did not include the Ronettes 1963 Agreement with Spector and his companies. By the time the matter was tried, this Court had held the language of the release ambiguous on this subject (*Greenfield v Philles Records*, 248 AD2d 212), and the trial court's resolution of the relevant ambiguity will not be disturbed since it was premised on a fair interpretation of the evidence involving credibility determinations that the trial court was particularly well-situated to make (*see, Williams v Roper*, 269 AD2d 125, *lv dismissed* 95 NY2d 898). For similar reasons, the trial court's determination as to the scope of the 1963 Agreement, which it found did not convey synchronization and domestic licensing rights to defendants, and the court's determination that, based on custom and practice in the industry, a 50% royalty was appropriate for such unauthorized uses of the Master Recordings, will not be disturbed. The Agreement was ambiguous on these subjects (*see, Caldwell v ABKCO Music & Records*, 269 AD2d 206; *Thomas v Gusto Records*, 939 F2d 395, *cert denied* 502 US 984), and the court's resolution of these ambiguities was based on a fair interpretation of the evidence. Also proper was the court's ruling permitting the pleadings to be conformed to the trial evidence to include a claim for unjust enrichment (*see, CPLR 3025 [b], [c]; Murray v City of New York*, 43 NY2d 400, 405-406; *Dittmar Explosives v A.E. Ottaviano, Inc.*, 20 NY2d 498, 502). Defendants were not prejudiced by the inclusion of the unjust enrichment claim since, as noted by the trial court, plaintiffs' contentions had always focused on the non-contractual exploitation of the

Master Recordings (*see e.g., Caldwell v ABKCO Music & Records*, 269 AD2d 206, *supra*; *Rodgers v Roulette Records*, 677 F Supp 731, 740). Contrary to defendants' contention, the record supports the trial court's conclusion that plaintiffs Ross and Bennett sustained their burden of proof with regard to their performances on the Master Recordings. Finally, the trial court's conclusions as to damages will not be disturbed since they too are premised on a fair interpretation of the evidence (*see, Williams v Roper, supra*). Where, as here, plaintiffs seek lost royalties for unauthorized uses of their performances, the party who caused the loss is not in a position to require theoretical perfection in the calculation of damages (*Thomas v Gusto Records*, 939 F2d, *supra*, at 402; *accord, Contemporary Mission v Famous Music Corp.*, 557 F2d 918, 926, 928).

We have examined defendants' remaining arguments and find them unavailing. Concur—Rosenberger, J. P., Tom, Rubin, Buckley and Marlow, JJ.