■ DECANA INC. et al., Appellants, v SPYRO C. CONTOGOURIS et al., Defendants, and NORTH FORK BANK et al., Respondents. (And a Third-Party Action.) [846 NYS2d 20]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered April 6, 2007, which granted defendants-respondents mortgagees' motion to strike plaintiffs' jury demand, unanimously reversed, on the law, with costs, the motion denied, and the matter remanded for a jury trial.

Plaintiffs' claims seeking rescission of defendants' mortgages, although equitable in nature, are triable by jury (CPLR 4101 [2]; RPAPL 1501 [5]), absent a waiver. All the equitable relief sought by plaintiffs in addition to RPAPL article 15 rescission is incidental to the latter, and thus did not result in a waiver. More particularly, the requested injunctive relief, which seeks to prevent the mortgagees from commencing foreclosure proceedings, is incidental to the RPAPL article 15 relief since its purpose and effect would be simply to maintain the status quo pending determination of the validity of the mortgages; indeed, if the mortgages are declared void, injunctive relief would seem to be unnecessary (see Lillianfeld v Lichtenstein, 181 Misc 2d 571 [1999]). The constructive trusts that plaintiffs seek to impose against assets allegedly wrongfully diverted are incidental to the monetary relief sought in the causes of action for fraud, conversion, unjust enrichment and breach of fiduciary duty (see Greenfield v Philles Record, 243 AD2d 353 [1997]). The requested declaration, that defendant corporate officer was the "alter ego" of one of defendant mortgagees, is incidental to plaintiffs' ability to collect on diverted assets once the mortgages are declared void. Concur—Saxe, J.P., Friedman, Sweeny, McGuire and Malone, JJ. [See 2007 NY Slip Op 30577(U).]