Maria DeCarvalhosa, Respondent, v Renata Adler, Appellant. [871 NYS2d 12]—

The court's decision in favor of plaintiff on her claim for rent

arrears was based on a fair interpretation of the evidence presented at trial and rested in large measure on credibility determinations (*see Thoreson v Penthouse Intl.*, 80 NY2d 490, 495 [1992]; *Greenfield v Philles Records*, 288 AD2d 59 [2001]).

Whether defendant was bankrupt during the 16 months for which she claimed to have been paying $5,000 a month in rent was relevant on the issue of unpaid rent, and the probative value of this evidence was not substantially outweighed by the risk of prejudice. To the extent the court believed that defendant's bankruptcy petition was an "admission" that she owed rent, this was harmless error, since the petition was not the basis for the court's finding that defendant had not paid rent. Indeed, the evidence was overwhelming that defendant, who holds a J.D. degree, did not make monthly rent payments by placing envelopes containing $5,000 in cash under a neighbor's door. Apart from the inherent implausibility of her testimony in this regard, defendant was confronted at trial with her own deposition testimony in which she stated that she did not recall paying the rent to that neighbor. Defendant was confronted as well with her own letter to plaintiff stating that she would be depositing rent into an escrow account. By her own admission defendant did not do so.

The record demonstrates that the primary cause of defendant's failure to discover the new evidence on which she based her posttrial motion was her own lack of due diligence, not plaintiff's misconduct (*see* CPLR 5015 [a] [2]). Moreover, in light of the absence of documentary evidence of the payment of rent, defendant's deposition testimony contradicting the substance of the new evidence, and the court's assessment of her credibility, the new evidence would not have changed the result of the trial.

The court's dismissal of defendant's counterclaim based on plaintiff's failure to file plans for alterations to the premises was correct. Even if the failure to file plans constituted a certificate of occupancy violation under the Multiple Dwelling Law, the evidence showed that the violation had been cured. The court also correctly dismissed defendant's counterclaims for partial constructive eviction and breach of the implied warranty of habitability. Its finding that the various defects of which defendant complained were too minor to substantially and materially deprive her of the beneficial use and enjoyment of the upper portion of the premises was based on a fair interpretation of the evidence and rested largely on credibility determinations.

We have considered defendant's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Gonzalez, Catterson, McGuire and Acosta, JJ.