11-0121-cv
Kaufman v. Sirius XM Radio

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of April, two thousand twelve.

PRESENT:   JOSEPH M. McLAUGHLIN,
                        GUIDO CALABRESI,
                        REENA RAGGI,
                                    *Circuit Judges*.

------------------------------------------------------------------------
ALVIN KAUFMAN, individually, and on behalf of all
others similarly situated, RICHARD LALUNA,
individually, and on behalf of all others similarly situated,
                        *Plaintiffs-Appellants*,

                        v.                                                   No.     11-0121-cv

SIRIUS XM RADIO, INC.,
                        *Defendant-Appellee*.

SIRIUS XM SATELLITE RADIO, INC.,
                        *Defendant*.
------------------------------------------------------------------------


APPEARING FOR APPELLANTS:          VALENTINA TEJERA (D. Michael Campbell, David B. Mishael, *on the brief*), Mase Lara Eversole, P.A., Miami, Florida.

1

APPEARING FOR APPELLEE:     MICHAEL S. OBERMAN (Peter A. Abruzzese, Robin W. Wilcox, Adina C. Levine, *on the brief*), Kramer Levin Naftalis & Frankel LLP, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Victor Marrero, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 10, 2010, is AFFIRMED.

Plaintiffs Alvin Kaufman, a Nevada resident, and Richard LaLuna, a New York resident, appeal the dismissal of their putative class action complaint for lack of subject matter jurisdiction, after the district court's Fed. R. Civ. P. 12(b)(6) dismissal of claims under New York General Business Law ("GBL") § 349 by non-New York plaintiffs defeated diversity. Plaintiffs contend that the district court (1) erred in concluding that non-New York resident Kaufman (and those similarly situated) failed adequately to state a claim under GBL § 349, and (2) abused its discretion in denying plaintiffs leave to file a fourth amended complaint. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.     GBL § 349

GBL § 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." In Goshen v. Mutual Life Insurance Co. of New York, 98 N.Y.2d 314, 325, 746 N.Y.S.2d 858, 864 (2002), the New York Court of Appeals ruled that, "to qualify as a prohibited act under the statute, the

2

deception of a consumer must occur in New York." Thus, in the two cases consolidated for review, the Court of Appeals concluded that (1) non-New York plaintiffs who purchased an insurance policy from a representative in Florida of a defendant insurer whose deceptive scheme was allegedly conceived and orchestrated in New York failed to state a GBL § 349 claim, see Goshen v. Mut. Life Ins. Co. of N.Y., 286 A.D.2d 229, 730 N.Y.S.2d 46 (1st Dep't 2001), aff'd, 98 N.Y.2d 314, 746 N.Y.S.2d 858, and (2) non-New York plaintiffs who alleged that defendant's marketing misrepresentations induced them to purchase Digital Subscriber Line service failed to state a GBL § 349 claim, see Scott v. Bell Atl. Corp., 282 A.D.2d 180, 726 N.Y.S.2d 60 (1st Dep't 2001), aff'd, Goshen v. Mut. Life Ins. Co. of N.Y., 98 N.Y.2d 314, 746 N.Y.S.2d 858.

Plaintiffs assert that the district court misapplied Goshen to require non-New York plaintiffs to allege facts sufficient to show "that the deception they allege having experienced occurred in New York." Kaufman v. Sirius XM Radio, Inc., 751 F. Supp. 2d 681, 688 (S.D.N.Y. 2010). Relying on Goshen's language that "the transaction in which the consumer is deceived must occur in New York," Goshen v. Mut. Life Ins. Co. of N.Y., 98 N.Y.2d at 324, 746 N.Y.S.2d at 863 (emphasis added), plaintiffs contend that their complaint is sufficient because they allege that "[t]he transaction between Sirius and Plaintiffs and other members of the class of providing services in exchange for the payment of services and invoice fees occurred in New York." Third Am. Compl. ¶ 41. This allegation is conclusory, however, and cannot save plaintiffs' complaint from dismissal. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949–50 (2009) ("Threadbare recitals of the elements of a cause

of action, supported by mere conclusory statements, do not suffice. . . . [Rule 8] does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

Nor does the complaint allege nonconclusory facts that could "plausibly give rise to an entitlement to relief" under GBL § 349. Id. at 1950. To the extent plaintiffs allege that Sirius formulated the scheme to charge the fee in New York, the insufficiency of such a pleading is made clear by Goshen. See Goshen v. Mut. Life Ins. Co. of N.Y., 98 N.Y.2d at 325–26, 746 N.Y.S.2d at 864 (concluding that invention of scheme or marketing strategy in New York is not sufficient to state claim under GBL § 349). Goshen similarly forecloses plaintiffs' reliance on allegations that deceptive terms and conditions were published on a website controlled from New York, when there is no further allegation of plaintiffs' receipt of this information in New York. See id., 98 N.Y.2d at 326, 746 N.Y.S.2d at 864 (noting that plaintiff conceded he did not receive the information in New York).

What remains are plaintiffs' allegations that Sirius "deceived Plaintiffs and other members of the class when it directly invoiced and retained payment of the $2.00 Invoice Administration Fee in contravention with its terms and conditions," and that "Sirius collected, assimilated, and accounted the unauthorized and unlawful Invoice Administration Fees by and through its corporate management in New York." Third Am. Compl. ¶ 42-43 (emphases omitted). Plaintiffs contend that Sirius's allegedly deceptive collection and retention of the fee in New York is the "transaction" that distinguishes their complaint from those rejected by Goshen. We are not persuaded.

4

First, Goshen's reasoning precludes extending GBL § 349 to encompass these allegations. Goshen relied on legislative history describing GBL § 349 "as adding significant new protection to consumers in this state'" and suggesting the law was meant to apply to "intrastate transactions in New York." 98 N.Y.2d at 325, 746 N.Y.S.2d at 864 (internal quotation marks omitted; emphases added). The Court of Appeals thus concluded that, "[t]o apply the statute to out-of-state transactions in the case before us would lead to an unwarranted expansive reading of the statute, contrary to legislative intent, and potentially leading to the nationwide, if not global application of General Business Law § 349." Id. The Court of Appeals added that "the interpretation out-of-state plaintiffs would have us adopt would tread on the ability of other states to regulate their own markets and enforce their own consumer protection laws." Id. This reasoning squarely applies to the allegations in this case. Kaufman is not a "consumer[] in this state" and plaintiffs do not allege any "intrastate transaction" that caused him harm.[1] Accepting plaintiffs' position would permit global coverage of GBL § 349 any time a New York corporation charged and retained an improper fee from non-New York consumers through use of deception. Goshen forecloses such a reading of GBL § 349.

_____

[1] Of course, as Goshen makes clear, the "analysis does not turn on the residency of the parties," and GBL § 349 was not intended "to function as a per se bar to out-of-state plaintiffs' claims of deceptive acts leading to transactions within the state." Goshen v. Mut. Life Ins. Co. of N.Y., 98 N.Y.2d at 325, 746 N.Y.S.2d at 864. We rely not on the non-New York plaintiffs' residency but on the lack of any plausible claim that they engaged in a transaction with Sirius within New York.

5

Second, plaintiffs fail to distinguish Goshen on the facts. Although plaintiffs take pains to distinguish their complaint from that part of Goshen involving purchase of an allegedly deceptive policy in Florida from a representative of a New York company, they cannot meaningfully distinguish their fact pattern from the companion Scott case—which Goshen also concluded failed to state a claim—in which non-New York plaintiffs were induced to purchase DSL service by a deceptive marketing campaign originating in New York. See Goshen v. Mut. Life Ins. Co. of N.Y., 98 N.Y.2d at 326, 746 N.Y.S.2d at 864. Here, as in Scott, the non-New York plaintiffs "cannot allege that they were deceived in New York." Id. Plaintiffs seek to distinguish Scott as involving deceptive misrepresentations rather than deceptive transactions. They point to nothing in Goshen or any other New York law to support a conclusion that such a distinction excuses non-New York plaintiffs from having to plead that they were deceived in New York.

For these reasons, we affirm the district court's conclusion that the non-New York plaintiffs failed to state a claim under GBL § 349 and that it lacked diversity jurisdiction to hear such a claim by only New York plaintiffs.

2.      Leave to Amend

The district court did not abuse its discretion in denying plaintiffs leave to file a fourth amended complaint in order to reinstate an unjust enrichment claim that would revive diversity jurisdiction. See McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007) ("[I]t is within the sound discretion of the district court to grant or deny leave to amend" the complaint).

6

Plaintiffs pleaded unjust enrichment in their original complaint, omitted this claim from their amended complaint, and did not reinstate the claim in their second or third amended complaints. Plaintiffs assert that they omitted the unjust enrichment claim to "reframe[] the factual allegations as a breach of contract claim," Appellant Br. at 18, a claim the dismissal of which they do not challenge on appeal. But nothing prevented plaintiffs from pleading unjust enrichment in the alternative to breach of contract. See Newman & Schwartz v. Asplundh Tree Expert Co., 102 F.3d 660, 663 (2d Cir. 1996). In these circumstances, we cannot conclude that the district court was compelled to grant leave to amend for a fourth time.

The judgment of the district court dismissing plaintiffs' complaint is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court