## (January 22, 1981)

■ JILLSUNAN CORPORATION, Respondent, v WALLFRIN INDUSTRIES, INC., et al., Appellants. — Judgment, Supreme Court, New York County, entered October 2, 1979, in flavor of plaintiff for $116,060.48 on the first cause of action, and $35,751.69 on other causes of action, is unanimously reversed, on the law, without costs, and the judgment vacated. Order, Supreme Court, New York County, entered September 5, 1979, granting plaintiff partial summary judgment as to certain defenses and counterclaims, and granting plaintiff summary judgment on the first, third and fifth causes of action of the complaint, and striking the amended answer of the defendants, is unanimously modified, on the law, to the extent that this court strikes the grant of summary judgment on the first, third and fifth causes of action of the complaint, and vacates the provision striking the amended answer of the defendants; and all decretal paragraphs of said order are vacated except the first, second and seventh of such decretal paragraphs; and the grant of partial summary judgment to plaintiff in the first and second decretal paragraphs shall apply to the similarly numbered affirmative defenses and counterclaims in the amended answer except that the reference to the "sixth affirmative defense, set forth as the second counterclaim and set-off" shall be deemed to refer to the "Tenth Affirmative Defense and Sixth Counterclaim and Set-Off" of the amended answer; and the order is otherwise affirmed, without costs. Plaintiff moved for partial summary judgment striking certain affirmative defenses and counterclaims in the original answer and for a severance of the balance of defendants' answer. Special Term (a) granted the partial summary judgment requested and (b) also granted summary judgment in favor of plaintiff for sums of money on the first, third and fifth causes of action in the complaint. Defendants never had any notice that summary judgment on the complaint was being sought and thus never had a fair opportunity to interpose objections to summary judgment on the complaint. Defendants' motion for reargument was not such an adequate opportunity. The power of the court to grant summary judgment to a party other than the moving party (CPLR 3212, subd [b]) does not dispense with the necessity for fair notice and opportunity to a party to present his defenses. As plaintiff's motion was addressed to only certain affirmative defenses, there was no occasion for defendants to present their defenses as to anything else. Special Term's striking of the amended answer appears to have been made (a) under the misapprehension that defendants had not been given permission by a Justice to serve their papers four days before the return date rather than five days (see CPLR 2214, subd [b]), and (b) without knowledge of the fact that another Justice had during the pendency of the present action granted defendants leave to serve an amended answer. In view of the unnecessary reproduction in the record of almost 200

pages of invoices, no costs are allowed to appellant. Concur — Murphy, P. J., Sullivan, Carro and Silverman, JJ.