■ IGOR ZYLINSKI, Respondent, v GARITO CONTRACTING et al., Appellants. [702 NYS2d 86] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (I. Aronin, J.), dated January 13, 1999, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff, an employee of a temporary employment agency for construction workers, was injured while working at the defendants' job site. He received Workers' Compensation benefits from the agency and brought this action against the defendants. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff was their special employee (see, Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557) and was therefore barred by the Workers' Compensation Law from recovering against them. The Supreme Court denied the motion, and we reverse.

In support of their motion, the defendants relied on the plaintiff's deposition testimony. The plaintiff testified at his deposition that when he arrived at the job site, the defendants' foremen would assign him work, instruct him on how to do it, provide tools, tell him when to go to the next job, and tell him

when to arrive at and leave the job site. However, his affidavit submitted in opposition to the defendants' motion for summary judgment conflicted with his deposition testimony regarding direction and control. The plaintiff offered no explanation why his affidavit, which was prepared nine months after his deposition, contradicted his deposition testimony. He "cannot create an issue of fact by making statements in an affidavit which completely contradict his prior sworn testimony without offering any explanation for the contradiction[s]" (*Gantt v County of Nassau,* 234 AD2d 338, 339). Under these circumstances, there is no issue of fact as to whether the plaintiff's work was directed and controlled exclusively by the defendants' employees. Thus, the Supreme Court erred in failing to find that the plaintiff was the defendants' special employee as a matter of law, and in denying the defendants' motion for summary judgment dismissing the complaint as barred by the Workers' Compensation Law (*see, Thompson v Grumman Aerospace Corp., supra; Schulze v Associated Univs.,* 212 AD2d 588, 589; *Garner v Two Exch. Plaza Partners,* 215 AD2d 352). Sullivan, J. P., Krausman, McGinity and H. Miller, JJ., concur.