■ FRANGO SYKU, Respondent, v LA BARRANCA REALTY CORP., Defendant and Third-Party Plaintiff-Appellant. VIKROK ASSOCIATES, Third-Party Defendant. [723 NYS2d 379] —In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals, as limited by its brief, from so much of an order of Supreme Court, Nassau County (Davis, J.), entered January 14, 2000, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendant's motion for summary judgment is granted, and the complaint is dismissed.

The plaintiff was injured while performing work on premises owned by the defendant third-party plaintiff (hereinafter the defendant). The defendant moved for summary judgment on the ground that the plaintiff was its special employee. The Supreme Court denied the motion. We reverse.

It is uncontroverted that the plaintiff was a general employee of the third-party defendant Vikrok Associates (hereinafter Vikrok). The only two officers of the defendant are also the sole owners of Vikrok. It is also undisputed that the plaintiff received Workers' Compensation benefits from Vikrok. "Whe[re] an employee elects to receive Workers' Compensation benefits from his general employer, a special employer is shielded from any action at law commenced by the employee" (*Martin v Baldwin Union Free School Dist.*, 271 AD2d 579, 580; see also, Workers' Compensation Law § 29 [6]; *Thompson v Grumman Aerospace Corp.*, 78 NY2d 553).

The record reveals that the defendant directed the manner, details, and ultimate result of the plaintiff's work at the site of the accident. Moreover, the plaintiff was paid directly by check issued by the defendant. Under these circumstances, the defendant established that the plaintiff was its special employee. Accordingly, the complaint should have been dismissed as barred by the Workers' Compensation Law (see, *Thompson v Grumman Aerospace Corp., supra*; *Martin v Baldwin Union Free*

*School Dist., supra*; *Zylinski v Garito Contr.*, 268 AD2d 427; *Adams v Virco Mfg. Corp.*, 251 AD2d 608). O'Brien, J. P., Florio, McGinity and H. Miller, JJ., concur.