■ GIUSEPPE PIRROTTA et al., Appellants-Respondents, v EK-LECCO, Respondent-Appellant, and M.J.B., INC./ANDRETTA ASSOCIATES, INC., Respondent. [738 NYS2d 85] —In an action to re-

cover damages for personal injuries, etc., (1) the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Bergerman, J.), dated October 23, 2000, as (a) granted that branch of the motion of the defendant M.J.B., Inc./Andretta Associates, Inc., which was to dismiss the complaint insofar as asserted against it as barred by Workers' Compensation Law § 11, and (b) granted those branches of the motion of the defendant EklecCo which were for summary judgment dismissing the causes of action pursuant to Labor Law § 240 (1) and § 241 (6) insofar as asserted against it, and (2) the defendant EklecCo cross-appeals from so much of the same order as denied those branches of its motion which were for summary judgment dismissing the cause of action pursuant to Labor Law § 200 insofar as asserted against it, and for summary judgment on its cross claim for contractual indemnification against the defendant M.J.B., Inc./Andretta Associates, Inc.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendant M.J.B. Inc./Andretta Associates, Inc., payable by the plaintiffs and the defendant EklecCo.

Contrary to the plaintiffs' contention, the Supreme Court properly dismissed the complaint insofar as asserted against the defendant M.J.B. Inc./Andretta Associates, Inc. (hereinafter MJB). "When an employee elects to receive Workers' Compensation benefits from his general employer, a special employer is shielded from any action at law commenced by the employee" (*Martin v Baldwin Union Free School Dist.*, 271 AD2d 579, 580). MJB established that the plaintiff Guiseppe Pirrotta was its special employee as a matter of law and, therefore, the plaintiffs' complaint against it is barred by the Workers' Compensation Law (*see, Skyu v La Barranca Realty Corp.*, 282 AD2d 600, *lv denied* 97 NY2d 607; *Martin v Baldwin Union Free School Dist., supra; Zylinski v Garito Contr.*, 268 AD2d 427).

The Supreme Court properly dismissed the plaintiffs' causes of action pursuant to Labor Law § 240 (1) and § 241 (6) insofar as asserted against the defendant EklecCo. The injured plaintiff's accident, where he allegedly suffered injuries when he was pulled out of chest-deep mud, did not involve an elevation-related hazard contemplated by Labor Law § 240 (1) (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509). The cause of action pursuant to Labor Law § 241 (6) was properly dismissed, as the provisions of the Industrial Code allegedly violated were

either general provisions or inapplicable to the facts of this case (*see*, 12 NYCRR 23-4.1 [a]; 23-4.2, 23-4.4).

The Supreme Court properly denied that branch of the defendant EklecCo's motion which was for summary judgment dismissing the plaintiffs' cause of action pursuant to Labor Law § 200 insofar as asserted against it. A property owner may be held liable under Labor Law § 200 "only where the plaintiff's injuries were sustained as a result of a dangerous condition at the work site, rather than as a result of the manner in which the work was performed, and then only if the owner exercised supervision and control over the work performed at the site or had actual or constructive notice of the [dangerous] condition" (*Giambalvo v Chemical Bank,* 260 AD2d 432, 433; *see, Rosemin v Oved,* 254 AD2d 343; *Houchang Haghighi v Bailer,* 240 AD2d 368). Although EklecCo did not exercise supervision and control over the work at the site, a triable issue of fact exists as to whether it had actual and/or constructive notice of the allegedly dangerous condition which caused the injured plaintiff's injuries.

Finally, the Supreme Court properly denied as premature that branch of EklecCo's motion which was for summary judgment on its cross claim against MJB for indemnification (*see, Chun v Ecco III Enters.,* 268 AD2d 454; *Cruz v Kowal Indus.,* 267 AD2d 271). Prudenti, P.J., O'Brien, Friedmann and McGinity, JJ., concur.