■ ANTHONY CONIGLIARO, Appellant, v NEW YORK STOCK EXCHANGE, INC., et al., Respondents. [769 NYS2d 412]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated October 2, 2002, which granted the separate motions of the defendants, inter alia, for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs.

Contrary to the plaintiff's contention, the Supreme Court properly dismissed the complaint insofar as asserted against the defendant New York Stock Exchange, Inc. (hereinafter NYSE). When an employee elects to receive workers' compensation benefits from his general employer, a special employer is shielded from any action at law commenced by the employee (see Thompson v Grumman Aerospace Corp., 78 NY2d 553 [1991]). NYSE established that the plaintiff was its special employee and the plaintiff did not raise a triable issue of fact in opposition. Therefore, the plaintiff's action insofar as asserted against NYSE is barred by the Workers' Compensation Law (see Pirrotta v EklecCo, 292 AD2d 362, 363 [2002]; Carino v Kenmare Remodeling, 292 AD2d 555 [2002]).

Furthermore, since there was no issue of fact as to whether the defendant Building Maintenance Service LLC, formerly known as Building Maintenance Service Corp. had actual or constructive notice of the condition that caused the plaintiff's fall, summary judgment dismissing the complaint as to it also was properly granted (see Moss v JNK Capital, 211 AD2d 769 [1995], affd 85 NY2d 1005 [1995]). Santucci, J.P., Krausman, Schmidt and Rivera, JJ., concur.