■ James Gatto et al., Appellants, v Gerald Turano et al., Defendants, and Carl Kruger, Sued Herein as Carl Cruger, Respondent. [773 NYS2d 898]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Jackson, J.), dated February 24, 2003, which granted the motion of the defendant Carl Kruger, sued herein as Carl Cruger for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was for summary judgment dismissing the cause of action to recover damages for common-law negligence insofar as asserted against the defendant Carl Kruger, sued herein as Carl Cruger and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs, and the cause of action to recover damages for common-law negligence insofar as asserted against Carl Kruger, sued herein as Carl Cruger is reinstated.

"A common-law duty rests on an owner or general contractor to provide a safe place to work which protects employees of subcontractors (*Caspersen v La Sala Bros.,* 253 NY 491 [1930])" *see Rusin v Jackson Hgts. Shopping Ctr.,* 27 NY2d 103, 106 [1970]). Liability for common-law negligence will attach where a plaintiff's injuries were sustained as the result of a defective or dangerous condition at a work site, only if the owner or general contractor exercised supervision and control over the work performed at the site or had actual or constructive notice of the defective condition causing the accident (*see Duncan v Perry,* 307 AD2d 249 [2003]; *Giambalvo v Chemical Bank,* 260 AD2d 432 [1999]; *Cuartas v Kourkoumelis,* 265 AD2d 293 [1999]; *Sprague v Peckham Materials Corp.,* 240 AD2d 392 [1997]). The

defendant Carl Kruger, sued herein as Carl Cruger failed to meet his burden of establishing his prima facie entitlement to judgment as a matter of law by demonstrating that he did not supervise or control the work performed at the site, or have actual or constructive notice of the alleged defective condition that caused the injured plaintiff's accident. Thus, the Supreme Court improperly granted that branch of his motion which was for summary judgment dismissing the cause of action to recover damages for common-law negligence insofar as asserted against him. Accordingly, we reinstate that cause of action. Santucci, J.P., Schmidt, Adams and Rivera, JJ., concur.