■ THOMAS KARAPATI, Appellant-Respondent, v K.J. ROCCHIO, INC., et al., Respondents-Appellants. (And a Third-Party Action.) [783 NYS2d 839]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated June 24, 2002, as granted those branches of the separate motions of the defendant K.J. Rocchio, Inc., and the defendants Gerald Monter, Elliot Monter, Gerald Monter and Elliot Monter, doing business as Executive Management Co., Executive Management Co., and Holiday Management Associates, Inc., which were for summary judgment dismissing the causes of action for common-law negligence and alleging violations of Labor Law §§ 200 and 241 (6) insofar as asserted against them, the defendant K.J. Rocchio, Inc., cross-appeals from so much of the same order as denied that branch of its cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against it, and the defendants Gerald Monter, Elliot Monter, Gerald Monter and Elliot Monter, doing business as Executive Management Co., Executive Management Co., and Holiday Management Associates, Inc., separately cross-appeal from so much of the same order as denied that branch of their cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The Supreme Court properly granted those branches of the separate motions of the defendant K.J. Rocchio, Inc. (hereinafter Rocchio), and the defendants Gerald Monter, Elliot Monter, Gerald Monter and Elliot Monter, doing business as Executive Management Co., Executive Management Co., and Holiday Management Associates, Inc. (hereinafter the Monter defendants), which were for summary judgment dismissing the causes of action to recover damages for common-law negligence and alleging violations of Labor Law §§ 200 and 241 (6) insofar as asserted against them. The defendants demonstrated, prima facie, that they did not exercise sufficient supervisory responsibility

or control over the plaintiff's work to be held liable for common-law negligence or under Labor Law § 200 (*see Singleton v Citnalta Constr. Corp.*, 291 AD2d 393 [2002]; *Loiacono v Lehrer McGovern Bovis*, 270 AD2d 464, 465 [2000]). In opposition, the plaintiff failed to raise a triable issue of fact. Moreover, the plaintiff failed to allege a violation of the Industrial Code, as is required to sustain a claim under Labor Law § 241 (6) (*see Singleton v Citnalta Constr. Corp., supra*).

The Supreme Court properly denied those branches of the separate motions of Rocchio and the Monter defendants which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against them. Although the defendants demonstrated that the ladder from which the plaintiff fell was not defective, and that the plaintiff fell due to an electric shock, they failed to establish, prima facie, either that the plaintiff was provided with proper additional safety devices, or that no such devices were necessary (*see Gange v Tilles Inv. Co.*, 220 AD2d 556, 558 [1995]; *see also Alesius v Good Samaritan Hosp. Med. & Dialysis Ctr.*, 6 AD3d 470 [2004]; *Morin v Machnick Bldrs.*, 4 AD3d 668, 670 [2004]; *cf. Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 283 [2003]). S. Miller, J.P., Schmidt, Mastro and Fisher, JJ., concur.