■ Robin Cunningham, Respondent, v Alexander's King Plaza, LLC, et al., Appellants, et al., Defendants. (Appeal No.

1.) ROBIN CUNNINGHAM, Plaintiff, v ALEXANDER'S KING PLAZA, LLC, et al., Defendants, OLD NAVY, INC., et al., Appellants, and FISHER DEVELOPMENT, INC., Respondent. (Appeal No. 2.) ROBIN CUNNINGHAM, Respondent-Appellant, v ALEXANDER'S KING PLAZA, LLC, et al., Defendants, OLD NAVY, INC., et al., Appellants-Respondents, and FISHER DEVELOPMENT, INC., Respondent. (Appeal No. 3.) [803 NYS2d 125]—

In an action to recover damages for personal injuries, (1) the defendants Alexander's Kings Plaza, LLC, Alexander's Kings Plaza Center, Inc., Kings Plaza Corp., Alexander's Department Stores of Brooklyn, Inc., Alexander's of Brooklyn, Inc., Kings Plaza Shopping Center of Flatbush Avenue, Inc., Kings Plaza Shopping Center of Avenue U, Inc., and Vornado Realty Trust appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Barasch, J.), dated March 5, 2004, as denied those branches of their motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted against them, (2) the defendants Old Navy, Inc., and The Gap., Inc., appeal from an order of the same court also dated March 5, 2004, which denied their motion for summary judgment on their cross claims against the defendant Fisher Development, Inc., for common-law and contractual indemnification, and (3) the defendants Old Navy, Inc., and The Gap, Inc., appeal, as limited by their brief, from so much of an order of the same court dated August 31, 2004, as denied that branch of their motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against them and granted that branch of the motion of the defendant Fisher Development, Inc., which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against it,

and the plaintiff cross-appeals from so much of the order dated August 31, 2004, as granted that branch of the motion of the defendants Old Navy, Inc., and The Gap, Inc., which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against them, and granted those branches of the motion of the defendant Fisher Development, Inc., which were for summary judgment dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted against it.

Ordered that the first order dated March 5, 2004, is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Alexander's Kings Plaza, LLC, Alexander's Kings Plaza Center, Inc., Kings Plaza Corp., Alexander's Department Stores of Brooklyn, Inc., Alexander's of Brooklyn, Inc., Kings Plaza Shopping Center of Flatbush Avenue, Inc., Kings Plaza Shopping Center of Avenue U, Inc., and Vornado Realty Trust which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against them and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the second order dated March 5, 2004, is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Old Navy, Inc., and The Gap, Inc., which was for summary judgment on their cross claim against the defendant Fisher Development, Inc., for contractual indemnification and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the appeal by Old Navy, Inc., and The Gap, Inc., from so much of the order dated August 31, 2004, as granted that branch of the motion of the defendant Fisher Development, Inc., which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against it is dismissed as those parties are not aggrieved by that portion of the order; and it is further,

Ordered that the order dated August 31, 2004, is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Fisher Development, Inc., which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against it and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The Supreme Court properly denied those branches of the separate motions of the defendants Alexander's Kings Plaza, LLC, Alexander's Kings Plaza Center, Inc., Kings Plaza Corp., Alexander's Department Stores of Brooklyn, Inc., Alexander's of Brooklyn, Inc., Kings Plaza Shopping Center of Flatbush Avenue, Inc., Kings Plaza Shopping Center of Avenue U, Inc., and Vornado Realty Trust (hereinafter the owner defendants), and the defendants The Gap, Inc. (hereinafter The Gap) and its subsidiary, Old Navy, Inc. (hereinafter Old Navy), which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against them. Although there is no dispute that the ladder from which the defendant fell was not defective, these defendants failed to establish, prima facie, either that the plaintiff was provided with proper additional safety devices, or that no such devices were necessary (see *Karapati v K.J. Rocchio, Inc.,* 12 AD3d 413, 415 [2004]; *Alesius v Good Samaritan Hosp. Med. & Dialysis Ctr.,* 6 AD3d 470, 471 [2004]; see generally *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Moreover, the plaintiff's work in splicing telephone wires as part of the construction of an Old Navy store within a shopping mall was a protected activity under Labor Law § 240 (1) (see *Prats v Port Auth. of N.Y. & N.J.,* 100 NY2d 878, 882 [2003]; *Joblon v Solow,* 91 NY2d 457, 465 [1998]).

However, inasmuch as the defendant Fisher Development, Inc. (hereinafter FDI), the general contractor for the project, similarly failed to establish, prima facie, either that the plaintiff was provided with proper additional safety devices, or that no such devices were necessary (see *Karapati v K.J. Rocchio, Inc.,* supra at 415; *Alesius v Good Samaritan Hosp. Med. & Dialysis Ctr.,* supra at 471; see generally *Zuckerman v City of New York,* supra at 562), the Supreme Court erred in granting that branch of FDI's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against it.

The Supreme Court also properly granted that branch of the separate motion of The Gap and Old Navy and that branch of FDI's motion which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against them, but erred in denying that branch of the owner defendants' motion which was for summary judgment dismissing that same cause of action insofar as asserted against them. The plaintiff alleged that all of the named defendants violated 12 NYCRR 23-1.21 (e) (3), which requires that "[w]hen work is being performed from a step of a steplad-

der 10 feet or more above the footing, such stepladder shall be steadied by a person stationed at the foot of the stepladder or such stepladder shall be secured against sway by mechanical means." However, the plaintiff testified at her deposition that the ladder did not move either before or after the accident. Therefore, any alleged failure to secure the ladder was not a proximate cause of the accident, and the defendants were entitled to judgment as a matter of law (*see Enderlin v Hebert Indus. Insulation,* 224 AD2d 1020, 1021 [1996]).

Further, inasmuch as The Gap and Old Navy failed to demonstrate their prima facie entitlement to judgment as a matter of law on their cross claim against FDI for common-law indemnification, the denial of that branch of their motion which was for summary judgment on that cross claim was proper (*see generally Zuckerman v City of New York, supra* at 562).

However, the denial of that branch of the motion of The Gap and Old Navy which was for summary judgment on their cross claim against FDI for contractual indemnification was error since they established, prima facie, that the right to indemnification was based upon an express contract (*see Martinez v Fiore,* 90 AD2d 483 [1982]). The indemnification clause at issue expressly provided that FDI would indemnify The Gap and its subsidiary corporations for liability "arising in whole or in part by reason of, or in any way resulting from, the performance of the Work, whether by FDI, by any subcontractor, *or anyone directly or indirectly employed by any of the aforementioned parties*" (emphasis added). Further, The Gap had a contractual obligation to indemnify the owner defendants pursuant to its lease agreement, and FDI agreed under the terms of its construction contract with The Gap to defend and indemnify any entity which The Gap contractually agreed to indemnify. Cozier, J.P., Krausman, Goldstein and Lunn, JJ., concur.