■ Llywelyn LaRose, Respondent, v Resinick Eighth Avenue Associates, LLC, Appellant, and Command Security Corporation, Respondent. [810 NYS2d 493]—

In an action to recover damages for personal injuries, the defendant Resinick Eighth Avenue Associates, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated May 27, 2005, as, in effect, denied that branch of its motion which was for summary judgment dismissing the cause of action alleging common-law negligence and all cross claims based on that cause of action insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the branch of the motion which was for summary judgment dismissing the cause of action alleging common-law negligence and all cross claims based on that cause of action insofar as asserted against the appellant is granted, the cause of action alleging negligence and all cross claims based

on that cause of action insofar as asserted against the appellant are dismissed, and the action against the remaining defendant is severed.

"Liability for common-law negligence will attach where a plaintiff's injuries were sustained as the result of a defective or dangerous condition at a work site, only if the owner or general contractor exercised supervision and control over the work performed at the site or had actual or constructive notice of the defective condition causing the accident" (*Gatto v Turano,* 6 AD3d 390 [2004]; *see Abayev v Jaypson Jewelry Mfg. Corp.,* 2 AD3d 548 [2003]; *Pirrotta v EklecCo,* 292 AD2d 362 [2002]).

Where, as here, the alleged defect or dangerous condition arose from the manner in which the work was performed and the owner exercised no supervisory control over the operation, no liability attaches to the owner under common law (*see Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877 [1993]). Accordingly, the defendant Resinick Eighth Avenue Associates, LLC, established its prima facie entitlement to summary judgment dismissing the cause of action alleging common-law negligence and all cross claims based on that cause of action insofar as asserted against it, by demonstrating that it did not supervise or control the work being performed or have actual or constructive notice of the allegedly defective and dangerous condition. In opposition, the plaintiff failed to raise a triable issue of fact (*see Reinoso v Ornstein Layton Mgt., Inc.,* 19 AD3d 678, 679 [2005]; *cf. Rizzuto v L.A. Wenger Contr. Co.,* 91 NY2d 343, 352-353 [1998]; *Gatto v Turano, supra* at 391; *Abayev v Jaypson Jewelry Mfg. Corp., supra* at 549; *Brasch v Yonkers Constr. Co.,* 306 AD2d 508, 510 [2003]; *Pirrotta v EklecCo, supra* at 364). Prudenti, P.J., Adams, Spolzino and Covello, JJ., concur.