■ SALVATORE LOFASO, Appellant-Respondent, v J.P. MURPHY ASSOCIATES et al., Respondents-Appellants, et al., Defendants. [831 NYS2d 230]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Douglass, J.), entered October 20, 2005, as denied that branch of his motion which was for summary judgment on the issue of liability pursuant to Labor Law § 240 (1) and granted those branches of the cross motion of the defendant J.P. Murphy Associates and the separate cross motion of the defendants Kavdo, LLC, Kavdo Corporation, Bush Realty Associates Corporation, and Bush Realty Associates, which were for summary judgment dismissing the cause of action pursuant to Labor Law § 241 (6)

insofar as asserted against them, the defendant J.P. Murphy Associates cross-appeals, as limited by its notice of appeal and brief, from so much of the same order as denied those branches of its cross motion which were for summary judgment dismissing the causes of action pursuant to Labor Law §§ 200 and 240 (1) and alleging common-law negligence insofar as asserted against it, and for a conditional grant of summary judgment on its cross claim for common-law and contractual indemnification against the defendants Kavdo, LLC, Kavdo Corporation, Bush Realty Associates Corporation, and Bush Realty Associates, and the defendants Kavdo, LLC, Kavdo Corporation, Bush Realty Associates Corporation, and Bush Realty Associates cross-appeal, as limited by their brief, from so much of the same order as denied those branches of their cross motion which were for summary judgment dismissing the causes of action pursuant to Labor Law §§ 200 and 240 (1) and alleging common-law negligence insofar as asserted against them, and for summary judgment on their cross claim for contractual indemnification insofar as asserted against the defendant J.P. Murphy Associates.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the cross motion of the defendants Kavdo, LLC, Kavdo Corporation, Bush Realty Associates Corporation, and Bush Realty Associates which was for summary judgment dismissing the causes of action pursuant to Labor Law § 200 and alleging common-law negligence insofar as asserted against them, and substituting therefor a provision granting that branch of the cross motion, and (2) by deleting the provision thereof denying that branch of their cross motion which was for summary judgment on their cross claim for contractual indemnification insofar as asserted against the defendant J.P. Murphy Associates, and substituting therefor a provision granting conditional summary judgment on that cross claim; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff, a mechanic and installer of automatic doors, was engaged in replacing the bands on a nonfunctioning door at premises owned by the defendants Kavdo, LLC, Kavdo Corporation, Bush Realty Associates Corporation, and Bush Realty Associates (hereinafter collectively the Bush Realty Group) and leased to the defendant J.P. Murphy Associates (hereinafter J.P. Murphy). In order to accomplish this task, the plaintiff was standing on a ladder and leaning on an "L"-shaped iron bar (hereinafter the bar) affixed to an adjacent exterior wall, to brace himself while using his crowbar. The bar broke, causing

the plaintiff to lose his balance, fall from the ladder, and sustain injuries.

Since the plaintiff was repairing a nonfunctioning door, he was engaged in the type of repair work which is protected under Labor Law § 240 (1) (*see Turisse v Dominick Milone, Inc.,* 262 AD2d 305 [1999]; *Sprague v Peckham Materials Corp.,* 240 AD2d 392 [1997]; *Shapiro v ACG Equity Assoc.,* 233 AD2d 857 [1996]). However, the Supreme Court properly found that there were disputed issues of fact as to whether the plaintiff was provided with adequate and necessary safety devices to perform the assigned task which are relevant to determining the proximate cause of his injuries. Therefore summary judgment was properly denied to all parties on the plaintiff's Labor Law § 240 (1) cause of action (*see Marin v Levin Props., LP,* 28 AD3d 525 [2006]; *Cunningham v Alexander's King Plaza, LLC,* 22 AD3d 703 [2005]).

The Supreme Court also properly granted those branches of the defendants' separate cross motions which were for summary judgment dismissing the plaintiff's causes of action pursuant to Labor Law § 241 (6), as the plaintiff failed to allege a violation of a relevant provision of the Industrial Code (*see Cunningham v Alexander's King Plaza, supra; Karapati v K.J. Rocchio, Inc.,* 12 AD3d 413 [2004]).

The Supreme Court, however, should have granted those branches of the motion of the Bush Realty Group which were for summary judgment dismissing the plaintiff's causes of action under Labor Law § 200 and alleging common-law negligence insofar as asserted against it as there was no evidence of its supervision or control of the work site, or any notice of a hazardous condition (*see Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877 [1993]; *LaRose v Resinick Eighth Ave. Assoc., LLC,* 26 AD3d 470 [2006]).

Pursuant to the lease between J.P. Murphy and the Bush Realty Group, J.P. Murphy agreed to indemnify the Bush Realty Group for "any and all liabilities, losses, damages, costs, expenses, suits, penalties, claims and demands of every kind or nature . . . arising from the . . . use or occupancy of the demised premises." Since the liability, if any, of the Bush Realty Group would be purely statutory, the Supreme Court should have granted it conditional summary judgment on its cross claim for contractual indemnification against J.P. Murphy (*see Tranchina v Sisters of Charity Health Care Sys. Nursing Home,* 294 AD2d 491, 493 [2002]).

The parties' remaining contentions are without merit. Mastro, J.P., Krausman, Fisher and Lifson, JJ., concur.