■ RAMLOCHAN SEEPERSAUD et al., Respondents-Appellants, v CITY OF NEW YORK et al., Appellants-Respondents. [835 NYS2d 199]—

In an action to recover damages for personal injuries, etc., the defendants appeal from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated July 14, 2005, as denied their motion for summary judgment dismissing the complaint, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as denied their cross motion for summary judgment on so much of their first cause of action as alleged a violation of Labor Law § 240 (1).

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendants' motion which were to dismiss so much of the first cause of action as alleged a violation of Labor Law § 200 and common-law negligence, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff Ramlochan Seepersaud (hereinafter the injured plaintiff) allegedly was injured when, after inspecting work that had been performed on a bulkhead roof that was raised 10 to 12 feet above the main roof, he fell when he placed his left foot on a ladder in order to descend to the main roof, and his right foot became caught in a gutter adjacent to the ladder.

The defendants established their entitlement to judgment as a matter of law with respect to so much of the plaintiffs' first cause of action as alleged a violation of Labor Law § 240 (1) on the basis of the plaintiffs' admission that the ladder was not defective (*see generally Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280 [2003]). In opposition, the plaintiffs raised a triable issue of fact by demonstrating the placement of the ladder in proximity to the rain gutter, and the absence of any device protecting a worker descending the ladder from tripping on the gutter (*see Cunningham v Alexander's King Plaza, LLC,* 22 AD3d 703, 706 [2005]; *Karapati v K.J. Rocchio, Inc.,* 12 AD3d 413, 415 [2004]). However, since the plaintiffs did not establish in support of their cross motion for summary judgment that in these circumstances the ladder did not provide proper protec-

tion, the cross motion was properly denied (*see Taglioni v Harbor Cove Assoc.*, 308 AD2d 441, 442 [2003]; *Chan v Bed Bath & Beyond*, 284 AD2d 290 [2001]) without regard to the sufficiency of the defendants' response (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The Supreme Court correctly denied that branch of the defendants' motion which was for summary judgment dismissing so much of the first cause of action as alleged a violation of Labor Law § 241 (6) predicated upon a violation of 12 NYCRR 23-1.7 (f), since the defendants failed to establish that the roof upon which the injured plaintiff was working was not accessible by alternate means such as stairways, ramps, runways, ladders, or other safe means of access (*see Gonzalez v Pon Lin Realty Corp.*, 34 AD3d 638 [2006]; *Sponholz v Benderson Prop. Dev.*, 273 AD2d 791, 792 [2000]).

The Supreme Court erred, however, in denying those branches of the defendants' motion which were for summary judgment dismissing so much of the first cause of action as alleged a violation of Labor Law § 200 and common-law negligence. Essential to liability pursuant to Labor Law § 200 is the defendants' ability to control or supervise the plaintiff's work (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]; *Lombardi v Stout*, 80 NY2d 290, 295 [1992]), or actual or constructive notice of the dangerous condition (*see Brown v Brause Plaza, LLC*, 19 AD3d 626, 628 [2005]; *DeBlase v Herbert Constr. Co.*, 5 AD3d 624 [2004]; *Yong Ju Kim v Herbert Constr. Co.*, 275 AD2d 709, 712 [2000]). Here, there is no claim that the defendants exercised any control or supervision over the injured plaintiff's work, and the defendants demonstrated in support of the motion that they had no notice, actual or constructive, of the placement of the ladder in close proximity to the gutter, which is the alleged dangerous condition at issue. In opposition, the plaintiffs failed to raise a triable issue of fact. Miller, J.P., Spolzino, Goldstein and McCarthy, JJ., concur.