■ Gilbert Salazar et al., Respondents, v United Rentals, Inc., Defendant, and C & G Properties of Newburgh, Inc., et al., Appellants. [838 NYS2d 615]—

In an action to recover damages for personal injuries, etc., the defendants C & G Properties of Newburgh, Inc., and Andres Garcia appeal from an order of the Supreme Court, Orange County (McGuirk, J.), dated September 6, 2006, which granted the plaintiffs' motion for summary judgment on the issue of liability on the cause of action based on Labor Law § 240 (1) insofar as asserted against the defendant C & G Properties of Newburgh, Inc., and, upon searching the record, awarded summary judgment in favor of the plaintiffs on the issue of liability on the cause of action based on Labor Law § 240 (1) insofar as asserted against the defendant Andres Garcia.

Ordered that the order is modified, on the law, by deleting the provision thereof searching the record and awarding summary judgment in favor of the plaintiffs on the issue of liability on the cause of action based on Labor Law § 240 (1) insofar as asserted against the defendant Andres Garcia; as so modified, the order is affirmed, without costs or disbursements.

Labor Law § 240 (1) imposes liability on owners, contractors, and their agents for any breach of the statutory duty thereunder that proximately causes a worker's injury (*see Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 50 [2004]; *Panek v County of Albany*, 99 NY2d 452, 457 [2003]). The plaintiffs made a prima facie showing of their entitlement to judgment as a matter of law on the issue of liability as to the defendant C & G Properties of Newburgh, Inc. (hereinafter C & G), the owner of the property at which the relevant accident occurred. In opposition, C & G failed to raise a triable issue of fact as to whether there was a statutory violation, or whether the injured plaintiff's own conduct was the sole proximate cause of the accident (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280,

289 [2003]; *Moniuszko v Chatham Green, Inc.*, 24 AD3d 638 [2005]). C & G conceded that the plaintiff was a member of the class of workers protected by Labor Law § 240 (1), and that he was performing work within the contemplation of the statute on a building owned by C & G. In addition, C & G failed to show that the injured plaintiff was a recalcitrant worker who refused to use an available safety device at the work site after being given specific instructions to do so (*see Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39-40 [2004]; *Walls v Turner Constr. Co.*, 10 AD3d 261 [2004], *affd* 4 NY3d 861 [2005]). Consequently, the Supreme Court did not err in granting summary judgment to the plaintiffs on the issue of liability on the cause of action based on Labor Law § 240 (1) insofar as asserted against C & G (*see Moniuszko v Chatham Green, Inc., supra*; *Smith v Yonkers Contr. Co.*, 238 AD2d 501 [1997]).

However, the Supreme Court should not have searched the record and awarded summary judgment to the plaintiffs on the issue of liability on the cause of action based in Labor Law § 240 (1) insofar as asserted against the defendant Andres Garcia. The power of the court to award summary judgment for or against to a nonmoving party pursuant to CPLR 3212 (b) does not dispense with the necessity for fair notice and an opportunity of a party to present his or her defenses (*see Jillsunan Corp. v Wallfrin Indus.*, 79 AD2d 943 [1981]). Since the plaintiffs' motion sought summary judgment on the issue of liability against C & G only, it did not address the specific issue of Garcia's alleged personal liability as the president and 50% shareholder of C & G, or allow Garcia to present a defense thereto (*see Marsico v Southland Corp.*, 148 AD2d 503 [1989]; *see generally Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]). Schmidt, J.P., Santucci, Skelos and Lifson, JJ., concur.