■ DAVID JUCHNIEWICZ et al., Respondents-Appellants, v MEREX FOOD CORPORATION et al., Appellants-Respondents, et al., Defendants. FREMONT COMPENSATION INSURANCE GROUP, Intervenor-Respondent-Appellant. [848 NYS2d 255]—

In an action to recover damages for personal injuries, etc., the defendants Merex Food Corporation and Lester N. Entin Associates/Danstan Properties separately appeal from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated September 22, 2006, as granted the plaintiffs' motion for partial summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) and denied that branch of their cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against them, and the plaintiffs cross-appeal, and the intervenor defendant separately cross-appeals, as limited by its brief, from so much of the same order as granted those branches of the cross motion of

the defendants Merex Food Corporation and Lester N. Entin Associates/Danstan Properties which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241 (6) insofar as asserted against those defendants.

Ordered that the cross appeal by the intervenor defendant is dismissed as it is not aggrieved by the portion of the order cross-appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the cross motion of the defendants Merex Food Corporation and Lester N. Entin Associates/Danstan Properties which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against the defendant Merex Food Corporation and substituting therefor provisions denying those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from and insofar as cross-appealed from by the plaintiffs, with one bill of costs to the plaintiffs payable by the defendant Merex Food Corporation.

The Supreme Court properly granted the plaintiffs' motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). Section 240 (1) applies where an employee is engaged "in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (Labor Law § 240 [1]). The deposition testimony, invoices, and work orders submitted by the plaintiffs in support of their motion established that the injured plaintiff and another refrigeration technician were sent to the refrigerated warehouse of the defendant Merex Food Corporation (hereinafter Merex) in response to an emergency call regarding a refrigeration system malfunction that ultimately took 29$^1/_2$ hours to repair, and that the work involved, inter alia, rewiring, installing a "tattletale relay," and replacing a standard thermostat with a digital electronic thermostat. We agree with the Supreme Court that, under these circumstances, the work in which the plaintiff was engaged at the time of his accident constituted "repair" for the purposes of Labor Law § 240 (1) (*see Prats v Port Auth. of N.Y. & N.J.,* 100 NY2d 878, 882 [2003]; *Lofaso v J.P. Murphy Assoc.,* 37 AD3d 769, 771 [2007]; *Fuller v NC3, Inc.,* 256 AD2d 1126, 1127 [1998]; *Sprague v Peckham Materials Corp.,* 240 AD2d 392, 393 [1997]; *Shapiro v ACG Equity Assoc.,* 233 AD2d 857 [1996]; *Purdie v Crestwood Lake Hgts. Section 4 Corp.,* 229 AD2d 523, 525 [1996]).

In opposition, Merex and the defendant Lester N. Entin

Associates/Danstan Properties (hereinafter Danstan) failed to raise a triable issue of fact as to whether there had been a statutory violation or whether the injured plaintiff's own conduct was the sole proximate cause of the accident (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 289-290 [2003]; *Salazar v United Rentals, Inc.*, 41 AD3d 684, 684-685 [2007]).

Additionally, the Supreme Court properly granted that branch of the cross motion of Merex and Danstan which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6). At the outset, while the plaintiffs correctly argue that the injured plaintiff was engaged in construction work, as defined under the Industrial Code (*see* 12 NYCRR 23-1.4 [b] [13]; *Joblon v Solow*, 91 NY2d 457, 466 [1998]; *Sprague v Peckham Materials Corp.*, 240 AD2d at 394; *Shapiro v ACG Equity Assoc.*, 233 AD2d at 857), they also alleged that Merex and Danstan violated 12 NYCRR 23-1.21 (b) (1), (3) of the Industrial Code, which requires that "[a]ll ladders shall be maintained in good condition. A ladder shall not be used if . . . it has a broken member or part [;] . . . any insecure joints between members or parts [;] . . . any wooden rung or step that is worn down to three-quarters or less of its original thickness [;] [or] . . . any flaw or defect of material that may cause ladder failure." Merex and Danstan established their entitlement to summary judgment by submitting the injured plaintiff's own deposition testimony that he lost his balance because of the presence of a steel object that interfered with his grabbing hold of the next rung on the ladder, not because the ladder, which all agree was anchored to the wall, moved or gave way. Thus, Merex and Danstan showed, as a matter of law, that the alleged Industrial Code violation did not proximately cause the accident (*see Cunningham v Alexander's King Plaza, LLC*, 22 AD3d 703, 706, 706-707 [2005]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Further, while the court correctly granted that branch of the cross motion of Merex and Danstan which was for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against Danstan, the out-of-possession owner of the premises where the accident occurred (*see Ingargiola v Waheguru Mgt.*, 5 AD3d 732, 733 [2004]; *Tobias v DiFazio Elec.*, 288 AD2d 209, 209-210 [2001]; *Urbano v Plaza Materials Corp.*, 262 AD2d 307, 308 [1999]; *Lafleur v Power Test Realty Co. Ltd. Partnership*, 159 AD2d 691, 691-692 [1990]), it erred in granting that branch of the cross motion which was for summary

judgment dismissing those causes of action insofar as asserted against Merex, the lessee in possession of the premises at the time of the accident. Here, Merex and Danstan failed to establish, as a matter of law, that Merex did not create the defect, nor did they establish that Merex lacked sufficient supervision and control over the work site such that it could not be held liable for the alleged violation of Labor Law § 200 and common-law negligence (*see Fernez v Kellogg*, 2 AD3d 397, 399 [2003]; *Lehner v Dormitory Auth. of State of N.Y.*, 221 AD2d 958, 959 [1995]). Crane, J.P., Spolzino, Krausman and McCarthy, JJ., concur.