■ WHITMAN REALTY GROUP, INC., Respondent, v TONY GALANO, Appellant. [861 NYS2d 679]—

In an action, inter alia, to recover damages for conversion and unjust enrichment, the defendant appeals from (1) so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated March 5, 2007, as searched the record and awarded summary judgment to the plaintiff dismissing a counterclaim, and (2) so much of an order of the same court dated October 10, 2007, as denied that branch of his motion which was for leave to renew his prior motion for summary judgment on the counterclaim.

Ordered the order dated March 5, 2007 is reversed insofar as appealed from, on the law, and the counterclaim is reinstated; and it is further,

Ordered that the order dated October 10, 2007 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff, a licensed real estate brokerage firm, commenced this action against the defendant, a licensed real estate broker and the listing agent for the sale of the subject property

who was previously associated with the plaintiff, alleging, inter alia, that the defendant received a broker's commission of $75,000 which rightfully belonged to the plaintiff. The defendant asserted a counterclaim to recover 50% of a $200,000 commission allegedly due as a result of the sale of certain real property. In a prior appeal in this action, this Court affirmed an order of the Supreme Court, Suffolk County (Doyle, J.), dated August 3, 2006, which granted the defendant's motion for summary judgment dismissing the complaint (see *Whitman Realty Group, Inc. v Galano*, 41 AD3d 590 [2007]).

As the defendant correctly contends, the Supreme Court should not have searched the record (see CPLR 3212 [b]) and awarded summary judgment to the plaintiff dismissing the counterclaim (see *Scherer v North Shore Car Wash Corp.*, 45 AD3d 564 [2007]; *Salazar v United Rentals, Inc.*, 41 AD3d 684 [2007]; *Costello v Hapco Realty*, 305 AD2d 445 [2003]). A court may search the record and grant summary judgment in favor of a nonmoving party only with respect to a cause of action or issue that is the subject of the motions before the court (see *Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]). The power of the court to award summary judgment for or against a nonmoving party pursuant to CPLR 3212 (b) does not dispense with the necessity for fair notice and an opportunity of a party to present his or her defenses (see *Jillsunan Corp. v Wallfrin Indus.*, 79 AD2d 943 [1981]). Since the defendant's original motion only sought summary judgment as to causes of action to recover damages for conversion, unjust enrichment/quantum meruit, and tortious interference with contract relating to a $70,000 payment that was paid to him, the motion did not address the counterclaim which sought to recover 50% of the estimated $200,000 commission that was believed to have been paid to the plaintiff. Accordingly, the order dated March 5, 2007, must be reversed insofar as appealed from and the counterclaim reinstated.

Since the defendant did not seek summary judgment on his counterclaim in his original motion, he could not obtain summary judgment as a result of the branch of his motion which was for leave to renew. Lifson, J.P., Miller, Dillon and Eng, JJ., concur.