Barrios v 19-19 24th Ave. Co., LLC (2019 NY Slip Op 01046)





Barrios v 19-19 24th Ave. Co., LLC


2019 NY Slip Op 01046


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2016-07878
 (Index No. 6544/13)

[*1]Sergio Barrios, appellant-respondent,
v
19-19 24th Avenue Company, LLC, et al., respondents-appellants.


Gorayeb & Associates, P.C., New York, NY (Mark H. Edwards of counsel), for appellant-respondent.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Jeremy M. Buchalski of counsel), for respondents-appellants.



DECISION & ORDER
In an action to recover damages for personal injures, the defendants appeal, and the plaintiff cross-appeals, from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated June 17, 2016. The order, insofar as appealed from, denied the defendants' motion for summary judgment dismissing the complaint. The order, insofar as cross-appealed from, denied the plaintiff's cross motion for summary judgment on the issue of liability.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1), and substituting therefor a provision granting that branch of the plaintiff's cross motion, and (2) by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6), and substituting therefor a provision granting that branch of the defendants' motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiff alleges that he was injured in the course of his employment when a differential block and chain fell onto his head as he and his coworkers were preparing a hoisting apparatus to remove and replace a broken roll-up gate on the defendants' premises. The plaintiff
commenced this action against the defendants, alleging, inter alia, violations of Labor Law §§ 240(1) and 241(6).
Following discovery, the defendants moved for summary judgment dismissing the complaint, and the plaintiff cross-moved for summary judgment on the issue of liability. The Supreme Court denied both the defendants' motion and the plaintiff's cross motion, determining, with regard to the Labor Law § 240(1) cause of action, that a triable issue of fact existed as to whether the differential fell from the plaintiff's coworker's hands or whether it fell because it was inadequately secured. The defendants appeal, and the plaintiff cross-appeals.
The plaintiff made a prima facie showing of entitlement to judgment as a matter of law on the issue of liability on the Labor Law § 240(1) cause of action. The activity of the removal [*2]of the old roll-up gate and the installation of a new roll-up gate is a repair within the purview of Labor Law § 240(1) (see Zhu Wei Shi v Jun Lan Zhang, 76 AD3d 558, 558; Lofaso v J.P. Murphy Assoc., 37 AD3d 769, 771).
"Labor Law § 240 (1) was designed to prevent those types of accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501 [emphasis omitted]). " [T]he statutory requirement that workers be provided with proper protection extends not only to the hazards of building materials falling,' but to the hazards of defective parts of safety devices falling from an elevated level to the ground'" (Castillo v 62-25 30th Ave. Realty, LLC, 47 AD3d 865, 866, quoting Jiron v China Buddhist Assn., 266 AD2d 347, 349). Here, the defendants are liable whether the plaintiff's coworker accidently dropped the differential while preparing to use the hoisting apparatus to remove the old roll-up gate, or the differential fell because it was inadequately secured (see Pritchard v Tully Constr. Co., Inc., 82 AD3d 730; Tkach v City of New York, 278 AD2d 227, 229). In opposition to the plaintiff's cross motion, the defendants failed to raise a triable issue of fact. Accordingly, the plaintiff was entitled to summary judgment on the issue of liability on the Labor Law § 240(1) cause of action. For these same reasons, the defendants were not entitled to summary judgment dismissing that cause of action.
However, unlike Labor Law § 240, which includes repair work, Labor Law § 241(6) is limited to those areas in which construction, excavation, or demolition work is being performed (compare Labor Law § 240[1], with Labor Law § 241[6]). In this case, Labor Law § 241(6) is inapplicable because the plaintiff was not performing work in the context of construction, demolition, or excavation (see Mata v Park Here Garage Corp., 71 AD3d 423, 424). Therefore, the defendants were entitled to summary judgment dismissing the Labor Law § 241(6) cause of action. For these same reasons, the plaintiff was not entitled to summary judgment on the issue of liability as to that cause of action.
RIVERA, J.P., BALKIN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court